UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM GOMEZ,<br><br>*Plaintiff*,<br><br>v.<br><br>SOUTHPORT LANES, INCORPORATED; and CHICAGO TITLE LAND TRUST COMPANY in its capacity as Trustee for Trust Agreement dated June 19, 1991 and known as Trust Agreement 114021-04,<br><br>*Defendants*. | **COMPLAINT** |

Plaintiff William Gomez, by and through the undersigned counsel, brings this action against Defendants Southport Lanes, Incorporated, an Illinois business corporation; and Chicago Title Land Trust Company, an Illinois business corporation, in its capacity as Trustee for the Trust Agreement dated June 19, 1991 and known as Trust Agreement 114021-04, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers at the bowling alley, bar, and restaurant known as "Southport Lanes & Billiards", even though such removal is readily achievable.

2. The violations alleged in this complaint occurred at the bowling alley, bar, and restaurant known as "Southport Lanes & Billiards", located at 3325 N Southport Ave Chicago, IL 60657.

3. Defendants' failure to provide equal access to "Southport Lanes & Billiards" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4. Defendants' conduct constitutes an ongoing and continuous violation of the law. Defendants have failed to take any prompt and equitable steps to remedy the discriminatory barriers at their facilities.

5. Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal law and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the requirements of the ADA.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331. This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7. Venue in this judicial district is proper because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Plaintiff William Gomez is a resident of the city of Chicago, Illinois. Plaintiff Gomez suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2).

9. Plaintiff William Gomez suffers from a spinal injury resulting from combat during his military service. He is substantially limited in performing several major life activities,

including but not limited to walking and standing. He is required to use wheelchair for mobility. As a person with a disability, he has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10. Defendant Southport Lanes, Incorporated, an Illinois business corporation, is the lessee and operator of the real property and improvements which are the subject of this action, the bowling alley, bar, and restaurant "Southport Lanes & Billiards", a place of public accommodation within the meaning of the ADA, located at the street address of 3325 N Southport Ave Chicago, IL 60657.

11. Defendant Chicago Title Land Trust Company, an Illinois business corporation, in its capacity as Trustee for the Trust Agreement dated June 19, 1991 and known as Trust Agreement 114021-04 is the owner of the real property and improvements which are the subject of this action, the bowling alley, bar, and restaurant, "Southport Lanes & Billiards", a place of public accommodation within the meaning of the ADA, located at the street address of 3325 N Southport Ave Chicago, IL 60657.

## FACTUAL BACKGROUND

12. On or around September 20, 2015, Plaintiff Gomez attempted to visit "Southport Lanes & Billiards", which is located approximately 1.5 miles from his apartment.

13. Upon arrival, Plaintiff Gomez could not find an accessible public entrance into "Southport Lanes & Billiards". The front entrance facing the corner of Southport Avenue and Henderson Street had a step bridging a change in level of approximately four inches between the public sidewalk and the entrance to "Southport Lanes & Billiards". No ramp provided an accessible alternative to the step. An image in Exhibit A to this Complaint shows the main entrance to "Southport Lanes & Billiards".

14. The other doors to "Southport Lanes & Billiards" also had a change in level from the public sidewalk of approximately four inches. Images in Exhibit B to this Complaint show the other entrances to "Southport Lanes & Billiards".

15. No signage indicated the presence of an accessible entrance or directed patrons to an accessible entrance from an inaccessible entrance.

16. In light of the architectural barriers at "Southport Lanes & Billiards", Plaintiff Gomez is deterred from visiting "Southport Lanes & Billiards" in the future. Plaintiff Gomez would like to be able to patronize "Southport Lanes & Billiards", but these architectural barriers deter him from doing so. He plans to return and patronize "Southport Lanes & Billiards" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

17. Plaintiff Gomez attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA, Plaintiff Gomez cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

**FACT ALLEGATIONS**

18. Defendants have discriminated against Plaintiff Gomez on the basis of his disabilities by failing to comply with the requirements of the ADA and the Americans With Disabilities Act Accessibility Guidelines (the "ADAAG") with regard to "Southport Lanes & Billiards". A specific, though not exclusive, list of unlawful physical barriers and violations present at "Southport Lanes & Billiards" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. "Southport Lanes & Billiards" did not have an accessible route from the public sidewalk into the restaurant, in violation of ADAAG 206.4.1.

   b. "Southport Lanes & Billiards" did not have an accessible entrance, in violation of ADAAG 206.2.1.

    c. To the extent that "Southport Lanes & Billiards" had an accessible entrance, it was not marked with signage as being accessible, and no signage at the inaccessible public entrance directed customers to the accessible entrance, in violation of ADAAG 216.6.

19. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff Gomez or which exist at "Southport Lanes & Billiards".

20. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Southport Lanes & Billiards" in order to photograph and measure all such barriers to access and violations of the ADA, the ADAAG.

21. Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, installing ramps. 28 C.F.R. § 36.304(b).

22. As a person with a disability, Plaintiff Gomez has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

23. Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "Southport Lanes & Billiards" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

24. Plaintiff incorporates and realleges the above paragraphs.

25. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

26. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

27. Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Gomez has been denied full and equal access to "Southport Lanes & Billiards" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

28. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

29. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Gomez, even though removing the barriers is readily achievable.

30. Plaintiff Gomez plans to visit "Southport Lanes & Billiards" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Southport Lanes & Billiards" unless and until Defendants are required to remove

the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

31. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "Southport Lanes & Billiards" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Southport Lanes & Billiards" until such time as Defendants cure the access barriers.

32. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

a. That the Court issue a Declaratory Judgment that determines that Defendants' facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504(a) enjoining Defendants from continuing their discriminatory practices, including an order directing Defendants to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

    c.  That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505, or as otherwise provided by law; and

    d.  That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED: October 20, 2015

                        /s/ John Steele
                        John L. Steele (# 6292158)
                        ACCESSIBILITY LAW GROUP
                        500 Michigan Avenue, Suite 600
                        Chicago, Illinois 60611
                        E-mail: jsteele@accessibilitylawgroup.com
                        Phone: (312) 396-4154